IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS VASQUEZ,

                                                    OPINION AND ORDER

            Plaintiff,

                                                    07-cv-725-bbc

     v.

JUDITH LAPINE,[1]

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case brought under 42 U.S.C. § 1983, plaintiff Luis Vasquez is proceeding on a claim that defendant Judith Lapine violated his Eighth Amendment rights by denying him prescribed psychotropic medication for one week from June 15 to June 22, 2006. The case is before the court on defendant's motion for summary judgment. Because plaintiff has failed to adduce sufficient evidence to raise a triable issue on his contention that defendant Lapine was deliberately indifferent to his serious medical need, I will grant the motion.

From the facts proposed by the parties, I find the following facts to be undisputed.

---

[1] In his complaint, plaintiff identified the defendant as "Jody Lapine." I have amended the caption to correct defendant's first name to Judith as identified in defendant's summary judgment materials.

1

UNDISPUTED FACTS

Plaintiff Luis Vasquez is a prisoner at the Waupun Correctional Institution in Waupun, Wisconsin. At all times relevant to this case, defendant Judith Lapine was employed by the Wisconsin Department of Corrections as a licensed practical nurse in the Health Services unit at the Waupun Correctional Institution.

On June 15, 2006, plaintiff was seen by Dr. Ralph Froelich, the prison psychiatrist. Dr. Froelich informed plaintiff that his prescription of sertraline would be stopped when the new prescription of Effexor began. Defendant Lapine wrote on the Medication Profile Sheet and the medication record to discontinue the sertraline on June 15, 2006. This was done in error. Plaintiff began receiving his prescription Effexor on June 22, 2006.

On June 19, 2006, plaintiff submitted a Health Service request to the Health Services Unit, stating that his sertraline was discontinued without his consent and that he was experiencing dizziness, nausea, diarrhea, lack of appetite, negative thoughts, nightmares and trouble sleeping. Nurse Fran M. responded to plaintiff's request and advised him she would forward the request to Dr. Froelich. On July 6, 2006, plaintiff told Dr. Froelich that "the sertraline was stopped before the effexor was started." Dr. Froelich wrote that there must have been a mistake in the order and he believed that plaintiff had experienced a withdrawal effect that made him feel worse.

Defendant Lapine had no knowledge of plaintiff's complaints concerning the stopping

2

of the sertraline or of the symptoms plaintiff experienced between June 15 and June 22, 2006.

OPINION

Under the Eighth Amendment, a prison official may violate a prisoner's right to medical care if the official is "deliberately indifferent" to a "serious medical need." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006). The condition does not have to be life threatening. Id. A medical need may be serious if it "significantly affects an individual's daily activities," Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir.1998), if it causes pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir.1996), or if it otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825 (1994). However, "[not] every ache and pain or medically recognized condition involving some discomfort" warrants relief under the Eighth Amendment. Gutierrez v. Peters, 111 F.3d 1364, 1372 (7th Cir. 1997).

"Deliberate indifference" means that the officials were aware that the detainee needed medical treatment, but disregarded the risk by failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir.1997). Inadvertent error, negligence, gross negligence

3

and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. <u>Vance v. Peters</u>, 97 F.3d 987, 992 (7th Cir. 1996); <u>Snipes v. DeTella</u>, 95 F.3d 586, 590-91 (7th Cir. 1996). Accordingly, neither incorrect diagnosis nor improper treatment resulting from negligence states an Eighth Amendment claim. <u>Gutierrez</u>, 111 F.3d at 1374.

Plaintiff states in his affidavit that he experienced dizziness, nausea, diarrhea, lack of appetite, negative thoughts, nightmares and trouble sleeping after the sertraline was stopped and before the Effexor was started. Even if I assume that these symptoms are serious medical needs, plaintiff has submitted no expert testimony showing that any of those symptoms were caused by the absence of his medication. Without such evidence, plaintiff cannot prevail on his claim. <u>Williams v. Liefer</u>, 491 F.3d 710, 714-16 (7th Cir. 2007) ("[A] plaintiff must offer medical evidence that tends to confirm or corroborate a claim that the delay [in treatment] was detrimental" to his health.).

Further, defendant has averred she erred inadvertently in stopping plaintiff's sertraline medication before he was provided his new prescription. Plaintiff has adduced no evidence from which a reasonable jury could infer that defendant was aware of the error or that she consciously disregarded a substantial risk of serious harm to plaintiff's health. An inadvertent error does not constitute deliberate indifference. <u>Vance</u>, 97 F.3d at 992.

Moreover, defendant Lapine was not advised by plaintiff or anyone else that the

4

stopping of the sertraline was causing plaintiff to experience dizziness, nausea, diarrhea, lack of appetite, negative thoughts, nightmares and trouble sleeping.  Defendant could not correct a problem of which she had no knowledge.

Because plaintiff has failed to raise any genuine issues of material fact concerning whether defendant Lapine was deliberately indifferent to a serious medical need, I must grant defendant's motion for summary judgment.


ORDER

IT IS ORDERED that defendant Judith Lapine's motion for summary judgment, dkt. #6, is GRANTED.  The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 23rd day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5